IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLEN DALE CHAMPINE,<br><br>Defendant. | CR 12-77-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Glenn Dale Champine (Champine) has been accused of violating the conditions of his supervised release. Champine admitted all of the alleged violations. Champine's supervised release should be revoked. Champine should be placed in custody for 3 months, with 117 months of supervised release to follow. Champine should serve the first 60 days of his supervised release at Connections Corrections in Warm Springs, Montana.

## II. Status

Champine pleaded guilty to Sexual Abuse on December 11, 2012. (Doc. 31). The Court sentenced Champine to 120 months of custody, followed by 10 years of supervised release. (Doc. 36). Champine's current term of supervised

release began on December 23, 2021. (Doc. 54 at 1).

**Petition**

The United States Probation Office filed a Petition on March 1, 2023, requesting that the Court revoke Champine's supervised release. (Doc. 54). The Petition alleged that Champine had violated the conditions of his supervised release: 1) by consuming alcohol; and 2) by failing to complete his sex offender treatment program.

**Initial appearance**

Champine appeared before the undersigned for his initial appearance on March 13, 2023. Champine was represented by counsel. Champine stated that he had read the petition and that he understood the allegations. Champine waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 13, 2023. Champine admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; and 2) by failing to complete his sex offender treatment program. The violations are serious and warrant revocation of Champine's supervised release.

Champine's violations are Grade C violations. Champine's criminal history category is I. Champine's underlying offense is a Class A felony. Champine could be incarcerated for up to 60 months. Champine could be ordered to remain on supervised release for up to 120 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Champine's supervised release should be revoked. Champine should be incarcerated for 3 months, with 117 months of supervised release to follow. Champine should serve the first 60 days of his supervised release at Connections Corrections in Warm Spring, Montana. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Champine that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Champine of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Champine that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Glenn Dale Champine violated the conditions of his supervised release: by consuming alcohol; and by failing to complete his sex offender treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Champine's supervised release and commit Champine to the custody of the United States Bureau of Prisons for 3 months, with 117 months of supervised release to follow. Champine should serve the first 60 days of his supervised release at Connections Corrections in Warm Spring, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 16th day of March, 2023.

_____
John Johnston
United States Magistrate Judge