IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLEN DALE CHAMPINE,<br><br>Defendant. | CR 12-77-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Glenn Dale Champine (Champine) has been accused of violating the conditions of his supervised release. Champine admitted alleged violations 1, 2, 3 and 5. The Court dismissed alleged violation 4 on the government's motion. Champine's supervised release should be revoked. Champine should be placed in custody for 12 months and 1 day, with no supervised release to follow.

## II. Status

Champine pleaded guilty to Sexual Abuse on December 11, 2012. (Doc. 31). The Court sentenced Champine to 120 months of custody, followed by 10 years of supervised release. (Doc. 36). Champine's current term of supervised release began on September 27, 2023. (Doc. 75 at 2).

**Petition**

The United States Probation Office filed a Petition on November 28, 2023, requesting that the Court revoke Champine's supervised release. (Doc. 75). The Petition alleged that Champine had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse testing requirements; 2) by failing to notify his probation officer of a change in residence; 3) by knowingly residing in a home located within 100 yards of Browning Middle School; 4) by failing to comply with his sex offender registration requirements; and 5) by using methamphetamine.

**Initial appearance**

Champine appeared before the undersigned for his initial appearance on December 11, 2023. Champine was represented by counsel. Champine stated that he had read the petition and that he understood the allegations. Champine waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 11, 2023. Champine admitted that he had violated the conditions of his supervised release: 1) by failing to comply with his substance abuse testing requirements; 2) by failing

to notify his probation officer of a change in residence; 3) by knowingly residing in a home located within 100 yards of Browning Middle School; and 4) by using methamphetamine. The Court dismissed alleged violation 4 on the government's motion. The violations that Champine admitted are serious and warrant revocation of Champine's supervised release.

Champine's violations are Grade C violations. Champine's criminal history category is I. Champine's underlying offense is a Class A felony. Champine could be incarcerated for up to 60 months. Champine could be ordered to remain on supervised release for up to 110 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Champine's supervised release should be revoked. Champine should be incarcerated for 12 months and 1 day, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Champine that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Champine of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Champine that Judge

Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Champine stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Glenn Dale Champine violated the conditions of his supervised release: by failing to comply with his substance abuse testing requirements; by failing to notify his probation officer of a change in residence; by knowingly residing in a home located within 100 yards of Browning Middle School; and by using methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Champine's supervised release and commit Champine to the custody of the United States Bureau of Prisons for 12 months and 1 day, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of December, 2023.

John Johnston
United States Magistrate Judge